IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DAVID J. DICKMAN,**

                **Plaintiff,**

                                      Civil Action

**v.**

                                      Case No. 11-2523-JTM-GLR

**DEPARTMENT OF TRANSPORTATION,**
Ray LaHood, Secretary,

                **Defendant.**

**MEMORANDUM AND ORDER**

        The Court has under consideration Defendant's Motion to Stay Discovery (ECF No. 13). Defendant seeks to stay discovery pending a ruling on its motion to dismiss and/or for summary judgment (ECF No. 10). Plaintiff opposes the motion to stay. For the reasons that follow, the Court denies the motion to stay discovery.

        Rule 26(c) of the Federal Rules of Civil Procedure governs requests to stay discovery.[1] Whether to stay or otherwise limit discovery lies within the sound discretion of the Court.[2] In general, the pendency of a dispositive motion is not a sufficient reason to stay discovery.[3] The Court, however, may stay discovery until a ruling on a dispositive motion "where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad

---

[1] *Steil v. Humana Health Care Plans, Inc.*, No. 99-2541-KHV, 2000 WL 730428, at *1 (D. Kan. May 1, 2000).

[2] *Kerr v. Dillard Store Servs., Inc.*, No. 07-2604-KHV-GLR, 2008 WL 687014, at *1 (D. Kan. Mar. 10, 2008); *Evello Invs. N.V. v. Printed Media Servs., Inc.*, No. 94-2254-EEO, 1995 WL 135613, at *3 (D. Kan. Mar. 28, 1995).

[3] *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994); *Kutilek v. Gannon*, 132 F.R.D. 296, 297 (D. Kan.1990).

complaint would be wasteful and burdensome."[4]  A stay is also appropriate when the requesting party has asserted immunity as a defense.[5]  The moving party must clearly show that there is a compelling reason to stay discovery.[6]  Even when a stay is appropriate, the Court may not preclude discovery relevant to the dispositive motion.[7]

Plaintiff sues Defendant under the Vocational Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq.[8]  He claims that he is a "qualified individual with a disability" within the meaning of that Act and that Defendant discriminated against him; failed to take affirmative action to employ him as a disabled individual, and retaliated against him for prior protected activity.[9]  Defendant seeks to stay discovery, because Plaintiff was not eligible for the applied-for position and his claims are facially without merit.  Plaintiff opposes the requested stay on grounds that Defendant has shown no basis for a stay and that he needs discovery to adequately respond to the pending dispositive motion.[10]

Defendant has not carried its burden to clearly show a compelling reason to stay discovery in this case.  It has not asserted any form of immunity as a defense.  It has not clearly shown that the

---

[4] *Wolf*, 157 F.R.D. at 495.

[5] *See, e.g.*, *Siegert v. Gilley,* 500 U.S. 226, 231 (1991) (until the "threshold immunity question is resolved," discovery and other pretrial proceedings should not be allowed); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (when a defendant asserts qualified immunity, the court should grant the defendant's request for stay of discovery until the immunity issue is resolved).

[6] *Evello*, 1995 WL 135613, at *3.

[7] *See id.*

[8] Compl. ¶ 1 (ECF No. 1).

[9] *See id.* ¶¶ 17-29.

[10] Plaintiff has also filed a motion for continuance to conduct discovery under Fed. R. Civ. P. 56(d).  (*See* ECF No. 15.)

pending dispositive motion will likely dispose of the case in its entirety or that discovery will not affect resolution of that motion. It also does not argue that Plaintiff's claims are so broad that discovery on all issues would be burdensome and wasteful. In short, Defendant has failed to show an applicable exception to the general rule that a pending dispositive motion does not justify staying discovery. Accordingly, the Court denies Defendant's Motion to Stay Discovery (ECF No. 13).

**IT IS SO ORDERED.**

**Dated this 20th day of March, 2012.**

<u>**S/Gerald L. Rushfelt**</u>
**Gerald L. Rushfelt**
**United States Magistrate Judge**